LAW OFFICES OF

# BATY, HOLM & NUMRICH, P.C.

210 PLAZA WEST BUILDING
4600 MADISON AVENUE
KANSAS CITY, MISSOURI 64112-3012
(816) 531-7200
TELECOPY (816) 531-7201

FIRM WEBSITE: WWW.BATYHOLM.COM

LEE M. BATY
KENNETH E. HOLM*
ROBERT P. NUMRICH*
THERESA A. OTTO*
MARY O. THOMPSON*
RANDALL W. SCHROER*
TODD M. JOHNSON*
JOHN J. GATES*
JAUDON R. GODSEY**
JULIE M. NUMRICH*
MOLLY B. WESTERING*
CLAYTON T. FIELDER*
NICHOLAS J. PORTO*
BRANDON L. CORL*
MATTHEW J. WESTERING*
KAREN L. McCOY
HEATHER A. HOWARD*

OF COUNSEL
GREGORY M. KRATOFIL, SR.
H. DAVID BARR

ST. LOUIS OFFICE
SUITE 230
231 SOUTH BEMISTON AVENUE
ST. LOUIS, MISSOURI 63105
(314) 863-6274
TELECOPY (314) 863-6407

SPRINGFIELD OFFICE
2458 E. MADRID
SPRINGFIELD, MISSOURI 65804
(417) 886-1683
TELECOPY (417) 886-9285

KANSAS OFFICE
SUITE 100
10620 JOHNSON DRIVE
SHAWNEE, KANSAS 66203
(913) 362-8424

*ADMITTED IN MISSOURI AND KANSAS
**ADMITTED IN MISSOURI AND ILLINOIS

January 30, 2009

Clerk of Circuit Court
St. Louis County Courts Building
7900 Carondolet Ave., 5th Floor
Clayton, MO 63105

Re:   *Missouri Highways and Transportation Commission vs. Eagle Point Software Corporation* – Cause No. 09SL-CC00136, Division 8

Dear Clerk:

Enclosed for filing please find the original and one yellow copy of "Return of Service" in the above-referenced matter. Please return the file-stamped copy in the enclosed self-addressed, stamped envelope.

Thank you for your courtesies.

Very truly yours,

*Theresa A. Otto*

Theresa A. Otto

TAO/nb

Enclosures

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel. | ) | |
| MISSOURI HIGHWAYS AND | ) | |
| TRANSPORTATION COMMISSION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 09SL-CC00136 |
| | ) | Division 8 |
| EAGLE POINT SOFTWARE CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

## RETURN OF SERVICE

COMES NOW plaintiff Missouri Highways and Transportation Commission, by and through its counsel, and attaches hereto the original Return of Service for Summons for Personal Service Outside the State of Missouri served on defendant Eagle Point Software Corporation on January 28, 2009, in the above-captioned matter.

MISSOURI HIGHWAYS AND
TRANSPORTATION COMMISSION

By:  _Theresa A. Otto_

Theresa A. Otto, Esq. (#43453)
Julie M. Numrich, Esq. (#53906)
BATY, HOLM & NUMRICH, P.C.
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3012
totto@batyholm.com
jnumrich@batyholm.com
Telephone:   816-531-7200
Telecopy:   816-531-7201



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TOM W DE PRIEST JR | **Case Number: 09SL-CC00136**<br>2009 FEB -3 PM 1:33 |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address:<br>THERESA ANN OTTO<br>210 PLAZA W BLDG<br>4600 MADISON AVE<br>KANSAS CITY, MO 64112-3012 |
| | vs. |
| Defendant/Respondent:<br>EAGLE POINT SOFTWARE CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **EAGLE POINT SOFTWARE CORPORATION**
　　　　　　　　　　　　　Alias:

**200 SECURITY BLDG**
**DUBUQUE, IA 52001**

　　　　　　　　**SERVE: REGISTERED AGENT**
　　　　　　　　**MARK J WILLGING**

*COURT SEAL OF*

　　　　You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

　　21-JAN-2009
　　Date
　　Further Information:

　　　　　　　　　　　　　　　　　　　　　　　Clerk

*ST. LOUIS COUNTY*

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ DEPUTY SHERIFF _____ of _____ DUBUQUE _____ County, ____ IA ____ (state).
3. I have served the above summons by: (check one)
　☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
　☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
　☒☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ TIM AXTELL _____ (name) _____ VP _____ (title).
　☐ other (describe):

Served at _____ 4131 WESTMARK DR, DUBUQUE IA _____ (address)
in _____ DUBUQUE _____ County, _____ IA _____ (state), on ____ 1-28-09 ____ (date) at ____ 2:45PM ____ (time).

Printed Name of Sheriff or Server　　　　　　　　　　Signature of Sheriff or Server

Subscribed and Sworn To me before this ____ 28 ____ (day) ____ JAN ____ (month) ____ 2009 ____ (year)
I am: (check one)　☐ the clerk of the court of which affiant is an officer.
　　　　　　　　　　☐ the judge of the court of which affiant is an officer.
*(Seal)*　　　　　　☒☒ authorized to administer oaths in the state in which the affiant served the above summons.
My Commission Expires　　　(use for out-of-state officer)
12/25/2010　　　　　☐ authorized to administer oaths. (use for court-appointed server)

　　　　　　　　　　　　　　　　　　　　　　　Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $ 15 | |
| Non Est | $ | |
| Mileage | $ 1 | _____ miles @ $ _____ per mile) |
| Total | $ 16 | |

See the following page for directions to clerk and to officer making return on service of summons.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>TOM W DE PRIEST JR | Case Number:  09SL-CC00136 |
|---|---|
| Plaintiff/Petitioner:<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>THERESA ANN OTTO<br>210 PLAZA W BLDG<br>4600 MADISON AVE<br>KANSAS CITY, MO  64112-3012 |
| Defendant/Respondent:<br>  EAGLE POINT SOFTWARE CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | 7900 CARONDELET AVE<br>CLAYTON, MO 63105                    (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  **EAGLE POINT SOFTWARE CORPORATION**
                           **Alias:**

**200 SECURITY BLDG**                    **SERVE: REGISTERED AGENT**
**DUBUQUE, IA  52001**                   **MARK J WILLGING**

*COURT SEAL OF*

        You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

21-JAN-2009 _____                     _____
        Date                                                         Clerk
Further Information:

*ST. LOUIS COUNTY*

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐  delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
    ☐  other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                     _____
Printed Name of Sheriff or Server                         Signature of Sheriff or Server

        **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
        I am: (check one)   ☐  the clerk of the court of which affiant is an officer.
                            ☐  the judge of the court of which affiant is an officer.
                            ☐  authorized to administer oaths in the state in which the affiant served the above summons.
*(Seal)*                        (use for out-of-state officer)
                            ☐  authorized to administer oaths.  (use for court-appointed server)

                                                      _____
                                                      Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $ _____ per mile) |
| Total | $_____ |

        **See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**In the**
# CIRCUIT COURT
**of St. Louis County, Missouri**

STATE OF MISSOURI, ex rel.
_____
**Plaintiff/Petitioner**

vs.

EAGLE POINT SOFTWARE CORPORATION
_____
**Defendant/Respondent**

Date  1-9-09
_____

Case Number  09SL-CC00136

Division  8

For File Stamp Only

TO:  THERESA A OTTO
     4600 MADISON AVE, STE 210
     KANSAS CITY, MO  64112

## TRANSMITTAL RETURN NOTICE

The enclosed documents received by this office for filing are returned for the following reasons:

☐ A Case Number cannot be found for the parties named on the pleading.

☐ A filing fee and cost deposit in the amount of $_____ is required (Local Rule 5).

☐ The attached Certificate of Dissolution of Marriage (Vital Statistics Report) shall be filed by the attorney for the petitioner at the time of filing the petition (Local Rule 68).

☐ A Parenting Plan is required to be filed with the Petition for Dissolution or Legal Separation or Motion to Modify, pursuant to Family Court Administrative Order No. 53.  PLEASE INCLUDE SUFFICIENT COPIES FOR SERVICE.

☐ A Parenting Plan is required to be filed with your answer/response pursuant to Family Court Administrative Order No. 53.

☐ All pleadings, motions, and entries of appearance by attorneys shall be signed by the party or the attorney offering the same for filing and shall bear the address, telephone number and bar identification number of the trial attorney in the case.  If the party appears pro se, the address and telephone number of the party (Local Rule 3.2).

☐ Your motion for Summary Judgment has been accepted for filing; however, a proposed judgment is required (Local Rule 33.6). See enclosed Rule and a draft of a proposed judgment that would be appropriate in the event that the motion is sustained.

☐ A petition or order for appointment of next friend is required when a minor is a named petitioner (Rule 52.02).

☐ A petition for Dissolution of Marriage or Legal Separation shall be verified (§ 452.310 (2) RSMo).

☐ Income and Expense and Property Statements are required to be notarized (Local Rule 68.4),  and shall be filed by the attorney for the petitioner at the time of filing the petition per Rule 68.4.

☐ A Family Court certificate is required for any initial pleading within the exclusive jurisdiction of the Family Court.

☐ A copy of the pleading for each party to be served shall be filed and shall include the address for each party to be served. _____ number of pleadings are needed (Local Rule 3.2(2)).

☒ Other: Please copy enclosed form (or retrieve on-line) for future cases. Please complete attached form & return by fax (314-615-8739 Attn: Kim Summers) or mail for case filed in our courts. A copy of this cover sheet MUST BE INCLUDED WITH EACH FILING. A SUMMONS CANNOT BE ISSUED UNTIL ALL PAPERWORK HAS BEEN FILED

**JOAN M. GILMER,** Circuit Clerk

By _____
Deputy Clerk

CCCDT128   Rev. 02/00               WHITE - Attorney/Litigant               YELLOW - Court Copy

LAW OFFICES OF

# BATY, HOLM & NUMRICH, P.C.

210 PLAZA WEST BUILDING
4600 MADISON AVENUE
KANSAS CITY, MISSOURI 64112-3012
(816) 531-7200
TELECOPY (816) 531-7201

FIRM WEBSITE: WWW.BATYHOLM.COM

LEE M. BATY
KENNETH E. HOLM*
ROBERT P. NUMRICH*
THERESA A. OTTO*
MARY O. THOMPSON*
RANDALL W. SCHRODER*
TODD M. JOHNSON*
JOHN J. GATES*
JAUDON R. GODSEY**
JULIE M. NUMRICH*
MOLLY B. WESTERING
CLAYTON T. FIELDER*
NICHOLAS J. PORTO*
BRANDON L. CORL*
MATTHEW J. WESTERING
KAREN L. McCOY
HEATHER A. HOWARD*

OF COUNSEL
GREGORY M. KRATOFIL, SR.
H. DAVID BARR

ST. LOUIS OFFICE
SUITE 230
231 SOUTH BEMISTON AVENUE
ST. LOUIS, MISSOURI 63105
(314) 863-6274
TELECOPY (314) 863-6407

SPRINGFIELD OFFICE
2458 E. MADRID
SPRINGFIELD, MISSOURI 65804
(417) 886-1683
TELECOPY (417) 886-9285

KANSAS OFFICE
SUITE 180
10620 JOHNSON DRIVE
SHAWNEE, KANSAS 66203
(913) 362-7144

*ADMITTED IN MISSOURI AND KANSAS
*ADMITTED IN MISSOURI AND ILLINOIS

January 5, 2009

Clerk of Circuit Court
St. Louis County Courts Building
7900 Carondolet Ave., 5th Floor
Clayton, MO 63105

Re:   *Missouri Highways and Transportation Commission vs. Eagle Point Software Corporation*

Dear Clerk:

Enclosed please find the original, a service copy, and a yellow copy of "Petition for Damages" in the above-referenced matter along with our firm check in the amount of $97.00 for the filing fee. Also being filed at this time is the Certificate of Service for opening interrogatories and request for production to defendant. Please return the file-stamped copies of the Petition and Certificate of Service in the enclosed self-addressed, stamped envelope.

Additionally, enclosed is a letter and check in the amount of $16.00 to the Dubuque County Sheriff's Department for service on defendant Eagle Point Software Corporation.

Please prepare a Summons and forward the Petition for Damages and accompanying opening discovery to the Dubuque County Sheriff's Department for service. We have included a self-addressed, stamped envelope for your convenience.

Thank you for your courtesies.

Very truly yours,

*Theresa A. Otto*

Theresa A. Otto

TAO/nb
Enclosures

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

STATE OF MISSOURI, ex rel.                )
MISSOURI HIGHWAYS AND                      )
TRANSPORTATION COMMISSION                  )
                                           )
          Plaintiff,                      )
                                           )
vs.                                        )      Cause No.
                                           )
EAGLE POINT SOFTWARE CORPORATION           )
                                           )
          Defendant.                      )

## CERTIFICATE OF SERVICE

    COMES NOW plaintiff, Missouri Highways and Transportation Commission, by and through its counsel of record, and states that on the 5th day of January, 2009, "Plaintiff's First Interrogatories to Defendant Eagle Point Software Corporation" and "Plaintiff's First Request for Production of Documents to Defendant Eagle Point Software Corporation" are being provided to the Clerk of the Circuit Court for filing along with the Petition for Damages for service on defendant in the above-captioned matter.

MISSOURI HIGHWAYS AND
TRANSPORTATION COMMISSION

By: _____

Theresa A. Otto, Esq. (#43453)
Julie M. Numrich, Esq. (#53906)
BATY, HOLM & NUMRICH, P.C.
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3012
totto@batyholm.com
jnumrich@batyholm.com
Telephone:   816-531-7200
Telecopy:    816-531-7201

Jaudon R. Godsey, Esq. (#48693)
BATY, HOLM & NUMRICH, P.C.
231 South Bemiston Ave., Ste. 230
St. Louis, MO 63105
jgodsey@batyholm.com
Telephone:   314-863-6274
Telecopy:    314-863-6407

Jay L. Smith (#40768)
Assistant Chief Counsel
MISSOURI HIGHWAYS AND
TRANSPORTATION COMMISSION

Rich Tiemeyer (#23284)
Chief Counsel
MISSOURI HIGHWAYS AND
TRANSPORTATION COMMISSION

ATTORNEYS FOR PLAINTIFF

2

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

STATE OF MISSOURI, ex rel.          )
MISSOURI HIGHWAYS AND               )
TRANSPORTATION COMMISSION           )
                                    )
       Plaintiff,                )
                                    )
vs.                                 )          Cause No.
                                    )
EAGLE POINT SOFTWARE CORPORATION    )
   Serve: Registered Agent          )
       Mark J. Willging            )
       200 Security Bldg.          )
       Dubuque, Iowa 52001         )
                                    )
       Defendant.                 )

## PETITION FOR DAMAGES

COMES NOW plaintiff Missouri Highways and Transportation Commission (hereinafter "MHTC"), by and through its counsel of record, and for its Petition for Damages against defendant Eagle Point Software Corporation, states and alleges as follows:

## PARTIES

1.    MHTC is constitutionally independent of the Executive Branch of the State of Missouri provided for in Art. IV, § 29 of the Missouri Constitution. MHTC consists of its six members, and three officers, the Chief Engineer, the Chief Counsel, and the Secretary. MHTC has no other officers, directors, agents or employees. The Missouri Department of Transportation ("MoDOT") is a state agency provided for in §226.005, RSMo. and is the agency through which MHTC performs constitutional and statutory functions. MHTC is authorized to sue in its own name pursuant to Mo. Rev. Stat. § 226.100.

2.     Defendant Eagle Point Software Corporation (hereinafter "Eagle Point") is a corporation organized under the laws of the State of Delaware.  Defendant may be served through its registered agent, Mark J. Willging, 200 Security Bldg., Dubuque, Iowa 52001.

## JURISDICTION AND VENUE

3.     This Court has personal jurisdiction over defendant Eagle Point pursuant to Mo. Rev. Stat. §506.500 because it has transacted business within the state of Missouri, has entered into a contract within the State of Missouri and has committed tortious acts within the state of Missouri.

4.     Venue is proper in this Court pursuant to Mo. Rev. Stat. §508.010.4 because the causes of action accrued in St. Louis County, Missouri.

## FACTUAL BACKGROUND

5.     MoDOT purchased communication products and services from Eagle Point, which included two AirLink Raven Modems for use by MoDOT's employees located at its offices at 7550 Lindbergh Boulevard, Mehlville, Missouri.

6.     The AirLink Raven Modems are powered by lithium polymer batteries which were also provided by Eagle Point.

7.     The lithium polymer batteries are rechargeable and Eagle Point provided two battery chargers for said purpose to MoDOT.

8.     One of the battery chargers supplied by Eagle Point and to be used with the lithium polymer batteries failed and stopped charging the batteries.

2

9.  MoDOT contacted Eagle Point and requested a replacement battery charger for use with the lithium polymer batteries and defendant provided a replacement charger.

10.  Lithium polymer batteries are rated for use with a specific voltage and current output.

11.  Unbeknownst to MoDOT, the replacement battery charger provided by Eagle Point was not compatible with the lithium polymer batteries. The replacement charger delivered a voltage and current output in excess of what the lithium polymer batteries were designed to sustain.

12.  MoDOT, having no knowledge or reason to believe that the replacement charger supplied by Eagle Point was not compatible with a lithium polymer battery, proceeded to use the replacement charger to restore a charge to its lithium polymer batteries.

13.  On February 7, 2008, a MoDOT employee used the replacement charger for the first time to recharge one of the lithium polymer batteries used in its AirLink Raven Modem. During the recharging process, and due to the excess voltage transmitted by the replacement charger, the lithium polymer battery overheated and ignited the battery, thus causing a fire to occur in the plaintiff's office located at 7550 Lindbergh Boulevard, Mehlville, Missouri, significantly damaging plaintiff's property.

## COUNT I – NEGLIGENCE

14.  Plaintiff hereby incorporates by reference and as though fully set forth herein the allegations contained in paragraphs 1 through 13 above.

3

15.   Defendant owed a duty of care to plaintiff to provide plaintiff with a battery charger compatible with the equipment and lithium polymer batteries it supplied.

16.   Defendant has breached its duty of care by:

   a.   Selling an unreasonably dangerous battery charger that was defectively designed so that it was able to accept incompatible batteries;

   b.   Failing to advise plaintiff of any potential dangers of using the inappropriate charger; and

   c.   Selling an inappropriate charger with a voltage and current output in excess of the rating for the lithium polymer batteries it supplied with the AirLink Raven Modem.

17.   As a direct and proximate result of defendant's negligence, plaintiff has been injured by property damage in excess of $25,000.00.

WHEREFORE, Plaintiff prays for judgment against defendant Eagle Point in an amount in excess of $25,000.00; for its costs and expenses herein expended, reasonable attorney's fees, and any other relief the Court deems fair and equitable.

## COUNT II – STRICT PRODUCT LIABILITY

18.   Plaintiff hereby incorporates by reference and as though fully set forth herein the allegations contained in paragraphs 1 through 13 above.

19.   The replacement charger sold by Eagle Point was defectively designed and unreasonably dangerous as it could be used with an incompatible battery.

4

20.     MoDOT used the replacement charger sent by defendant in a manner which was reasonably anticipated.

21.     As a direct result of defendant supplying a defective unreasonably dangerous product, plaintiff has been injured by property damage in excess of $25,000.00.

WHEREFORE, Plaintiff prays for judgment against defendant in an amount in excess of $25,000.00; for its costs and expenses herein expended, reasonable attorney's fees, and any other relief the Court deems fair and equitable.

## COUNT III – STRICT PRODUCT LIABILITY (FAILURE TO WARN)

22.     Plaintiff hereby incorporates by reference and as though fully set forth herein the allegations contained in paragraphs 1 through 13 above.

23.     The replacement charger sold or provided by defendant was unreasonably dangerous when used without knowledge of its characteristics and consequences of using the charger with a lithium polymer battery.

24.     Defendant knew or should have known of the dangers associated with the use of the replacement charger with a lithium polymer battery and failed to warn plaintiff of said danger.

25.     Plaintiff used the replacement charger sent by defendant in a manner which defendant should have reasonably anticipated.

26.     As a direct and proximate result of defendant's failure to warn, plaintiff has been injured by property damage in excess of $25,000.00.

5

WHEREFORE, Plaintiff prays for judgment against defendant in an amount in excess of $25,000.00; for its costs and expenses herein expended, reasonable attorney's fees, and any other relief the Court deems fair and equitable.

<u>**COUNT IV – BREACH OF CONTRACT**</u>

27.     Plaintiff hereby incorporates by reference and as though fully set forth herein the allegations contained in paragraphs 1 through 13 above.

28.     Defendant failed to provide the appropriate replacement charger to be used with the lithium polymer batteries associated with an AirLink Raven Modem and to advise plaintiff of any potential dangers of using the inappropriate charger.

29.     Defendant's failure is a breach of its contract with plaintiff to provide the correct replacement charger for the lithium polymer battery associated with the AirLink Raven Modem.

30.     As a direct and proximate result of defendant's breach, plaintiff has been damaged in an amount in excess of $25,000.00.

WHEREFORE, Plaintiff prays for judgment against defendant in an amount in excess of $25,000.00; for its costs and expenses herein expended, reasonable attorney's fees, and any other relief the Court deems fair and equitable.

<u>**COUNT V – BREACH OF IMPLIED WARRANTY OF FITNESS
FOR A PARTICULAR PURPOSE**</u>

31.     Plaintiff hereby incorporates by reference and as though fully set forth herein the allegations contained in paragraphs 1 through 13 above.

6

32.    At the time it provided the replacement charger, defendant was aware that plaintiff intended to use the requested charger for the lithium polymer batteries associated with the AirLink Raven Modem and was relying on defendant to provide the appropriate replacement charger.

33.    The replacement charger defendant provided to plaintiff was unfit for the purpose of use with the lithium polymer battery associated with the AirLink Raven Modem.

34.    As a direct and proximate result of defendant's breach, plaintiff has been damaged in an amount in excess of $25,000.

WHEREFORE, Plaintiff prays for judgment against defendant in an amount in excess of $25,000.00; for its costs and expenses herein expended, reasonable attorney's fees, and any other relief the Court deems fair and equitable.

### JURY TRIAL DEMAND

35.    Plaintiff hereby demands a trial by jury.

MISSOURI HIGHWAYS AND
TRANSPORTATION COMMISSION

By: *Theresa A. Otto*

Theresa A. Otto, Esq. (#43453)
Julie M. Numrich, Esq. (#53906)
BATY, HOLM & NUMRICH, P.C.
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3012
totto@batyholm.com
jnumrich@batyholm.com
Telephone:   816-531-7200
Telecopy:    816-531-7201

Jaudon R. Godsey, Esq. (#48693)
BATY, HOLM & NUMRICH, P.C.
231 South Bemiston Ave., Ste. 230
St. Louis, MO 63105
jgodsey@batyholm.com
Telephone:   314-863-6274
Telecopy:    314-863-6407

Jay L. Smith (#40768)
Assistant Chief Counsel
MISSOURI HIGHWAYS AND
TRANSPORTATION COMMISSION

Rich Tiemeyer (#23284)
Chief Counsel
MISSOURI HIGHWAYS AND
TRANSPORTATION COMMISSION

ATTORNEYS FOR PLAINTIFF

8

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| STATE OF MISSOURI, ex rel. | ) |
| MISSOURI HIGHWAYS AND | ) |
| TRANSPORTATION COMMISSION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Cause No. |
| | ) |
| EAGLE POINT SOFTWARE CORPORATION | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT EAGLE POINT SOFTWARE CORPORATION

COMES NOW plaintiff Missouri Highways and Transportation Commission (hereinafter "Plaintiff"), by and through its counsel of record, and propounds the following interrogatories to defendant Eagle Point Software Corporation (hereinafter "Defendant"), to be answered in accordance with the provisions of Local Rules.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are applicable herein and expressly incorporated within each of the following interrogatories.

1.      "You" or "Defendant" or "Eagle Point Software Corporation" or "Eagle Point." means defendant Eagle Point Software Corporation and any of its subsidiaries, divisions, affiliates, predecessors, successors, attorneys, agents, representatives, or assigns, as well as any person acting or purporting to act on its behalf.

2.     "Plaintiff" means plaintiff Missouri Highways and Transportation Commission and the Missouri Department of Transportation. and any of its subsidiaries, divisions, affiliates, predecessors or successors.

3.     The term "document"means any written or recorded matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, in the custody or control of you or your attorneys, agents, representatives, or assigns. This shall include, but not be limited to, all retrievable information in computer storage, electronic mail, photographs, videotapes, letters, telegrams, correspondence, contracts, agreements, teletype messages, notes, reports, mechanical and electronic sound recordings or transcripts thereof, memoranda or minutes of telephone or personal conversations or minutes of conferences in the possession and/or control of Defendant or Defendant's attorneys or agents, or known by Defendant to exist.

4.     The term "communications" means all occasions on which information was conveyed from on person to another (a) by means of a document, such as a letter, memorandum, electronic mail, facsimile, etc., or (b) verbally, including (but not limited to) by means of a telephone or other mechanical device.

5.     As used herein, the term "person" shall include, wherever appropriate, not only a natural person, but also a corporations, partnership, unincorporated association, joint venture, sole proprietorship, firm, or business enterprise, and any other artificial business,

2

association of persons or legal entity, as well as all divisions, subdivisions, bureaus, offices and other units thereof.

6.     "Action"or "lawsuit" or "complaint" unless otherwise described, as used herein refer to the action styled as *Missouri Highways and Transportation v. Eagle Point Software Corporation*, pending in the Circuit Court of St. Louis County, Missouri.

7.     "Concerning" or "relating" or "pertaining" means commenting on, referring to, pertinent to, discussing, tending to support, or in any relevant way.

8.     "Malfunction" unless otherwise described means failure to operate normally or as intended.

9.     Wherever appropriate, the singular form of a word should be interpreted in the plural.

10.     "Identify," when used in reference to a person, means to state the person's: (a) full name; (b) present business name and address, or if unavailable, last known business address; (c) present home address, if a natural person, or if unavailable, last known home address; and (d) business affiliation and job title.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent requests or interrogatories requesting the identification of that person.

11.     "Identify," when used in reference to a document, means to state the substance thereof, the date and author (and if different, the signor and signors), the addressee (and if different, the recipient(s)), type of document (e.g., letter, memoranda, chart), and whether it

3

exists. If any such document exists, state its present or last known location and custodian, whether it is in Defendant's possession or subject to Defendant's control, and whether it is complete. If any such document in existence is no longer complete, state in what respect it is incomplete or altered and explain the reasons therefore. If any such document is no longer in existence or no longer in Defendant's possession, custody or control, state the disposition which was made of it, the reason for such disposition, who ordered and supervised such disposition, and the date thereof and identity of any and all person who have knowledge of the contents thereof.

12.     "And" as well as "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of each request any documents which might otherwise be construed as outside the scope.

13.     All information is to be divulged that is in the possession, custody, or control of Defendant, its attorneys, investigators, agents, employees, or other representatives. In answering and responding to these interrogatories and requests for production of documents, Defendant is required to set forth all information known by or available to Defendant or Defendant's attorneys, investigators, agents, employees, experts, or other representatives. If and to the extent that Defendant cannot completely answer or respond to any interrogatory or request for production of documents after making diligent efforts to do so, please so state. Describe in detail all efforts made to answer or respond to the interrogatory or request, and identify every person involved in such efforts.

14.     These requests are intended as continuing requests, requiring Defendant to answer by supplement answer, setting forth any information within the scope of the requests as may be acquired by Defendant, Defendant's agents, attorneys, or representatives, which alters or augments its responses to these requests.

15.     If Defendant contends that any interrogatory or request for production is objectionable in whole or part, state with specificity all grounds for objection, and respond and produce all documents and things responsive to those parts of the request as to which no objection is made.

## INTERROGATORIES

1.     State the name, business address, dates of employment, and job title of the individual signing these interrogatory answers on behalf of Defendant.

   **ANSWER:**

2.     Identify each person with whom you had any communication concerning answering these interrogatories or who provided information used in answering these Interrogatories on behalf of Defendant, indicating the number of the Interrogatory and its subpart as to each such person.

   **ANSWER:**

5

3.      Identify all documents used, related to or referred to in connection with the preparation of or answers to these Interrogatories, and state the number of the Interrogatory and its subpart as to each such document.

**ANSWER:**

4.      Do you have any statements concerning this action or its subject matter previously made by the Plaintiff or anyone acting on behalf of the Plaintiff, including officers, directors, and/or employees?  If so, state when and by whom the statement was taken, identify everyone present when the statement was taken, summarize the content of the statement and identify the present custodian of the statement.

**ANSWER:**

5.      To your knowledge, have any officers, directors or employees of the Plaintiff said or written anything about any of the events or claims described in the Petition for Damages?  If so, state when and where those statements were made, identify everyone to whom those statements were directed or in whose presence they were made, summarize the statements and identify any documents referring or relating to those statements.

**ANSWER:**

6

6.     State whether Defendant has been sued in its correct legal name, if not, then state the correct legal name.

**ANSWER:**

7.     Identify each and every person known to you who has or claims to have any knowledge of the circumstances, facts or events as alleged in the Petition.

**ANSWER:**

8.     Identify any and all documents, notes, memos, and/or communications, both written and/or oral regarding the fire which is the subject of Plaintiff's Petition.

**ANSWER:**

9.     Identify all persons involved with the sale of any product to the Missouri Department of Transportation by Defendant.

**ANSWER:**

10.    Identify any and all persons, employees, or agents of Defendant with knowledge of the lithium polymer batteries, battery chargers, or replacement charger supplied to the Missouri Department of Transportation by Defendant.

**ANSWER:**

11.    Identify all persons responsible for designing, manufacturing, processing, advertising, selling, distributing, shipping, installing, assembling, maintaining, or otherwise providing any services related to the lithium polymer batteries, battery chargers, or replacement battery chargers supplied to the Missouri Department of Transportation by Defendant.  For each person named, please provide a brief description of the services provided and the date such services were provided.

**ANSWER:**

12.    Identify all manuals, repair orders, and all other documents regarding the of use of battery chargers or replacement battery chargers supplied to the Missouri Department of Transportation by Defendant.

**ANSWER:**

8

13.     Identify all instructions and/or directions, provided to you by a manufacturer, supplier or other entity, related to the use, maintenance, or safety of the lithium polymer batteries, battery chargers, and replacement battery chargers supplied to the Missouri Department of Transportation by Defendant,  including the identity of the person(s) who provided those instructions and/or directions, the date those instructions and/or directions were given; the form in which those instructions and/or directions were given, and description of those instructions and/or directions.

**ANSWER:**

14.     Identify all instructions and/or directions, provided by you to a representative of the Missouri Department of Transportation, related to the use, maintenance, or safety of the lithium polymer batteries, battery chargers, and replacement chargers supplied to the Missouri Department of Transportation by Defendant, including the identity of the person(s) who provided those instructions and/or directions, the date those instructions and/or directions were given; the form in which those instructions and/or directions were given, and description of those instructions and/or directions.

**ANSWER:**

9

15.    State whether Defendant has ever been a party to any civil lawsuit (other than the present action) involving the design, manufacture, processing, advertising, distribution, sale, and/or maintenance of lithium polymer batteries or battery chargers, state whether it was the plaintiff or defendant in each such lawsuit, the nature of each claim, when, where and in what court each action was commenced, the names of all parties other than Defendant and the disposition of each case.

**ANSWER:**

16.    If any person has ever asserted a claim for damages or for compensation for personal injuries involving lithium polymer batteries or battery chargers, for each such claim, state the date of the injury, the nature of the injury, the nature of the claim, the name and address of the person filing the lawsuit, the name and address of all defendants in each lawsuit, and the amount of damages or compensation received.

**ANSWER:**

17.    Do you have any insurance agreement which will indemnify you, in whole, or in part, against any judgment Plaintiff may obtain in the instance action?  (   ) Yes (   ) No. If your answer is "Yes," state:

a.      The name and address of the company or companies issuing such insurance agreements;

b.      The policy number;

c.      The limit of personal Injury, Property Damage and Medical Payments Coverage on the date of the occurrence mentioned in Plaintiff's Petition;

d.      Attach a copy of the Declaration Page or Certificate of Coverage of such policy of insurance to your answer to those interrogatories.

**ANSWER:**

18.     Identify each person whom Defendant expects to call as an expert witness at trial, whether retained or not-retained, by providing such expert's name, address, occupation, place of employment, qualifications to give an opinion, a statement as to the general nature of the subject matter on which the expert is expected to testify; the substance of the facts and opinions upon which the expert is expected to testify; a summary of the grounds for each opinion (or if such information is available on the expert's curriculum vitae, such curriculum vitae may be attached to the Interrogatory answers as a full response to this Interrogatory), and fees charged.  With respect to each expert, please state whether such expert has performed an examination(s) of any item of physical evidence which may be relevant to

determine the cause of the occurrence, injuries, or damages alleged in the Petition, or any reports depositions or photographs submitted by each expert to your attorneys.

**ANSWER:**

19.     State whether any photographs, drawings, notes, etc. were made at the scene of the occurrence, by anyone other than you, your attorney, or agent in anticipation or preparation for litigation. (   ) Yes (   ) No.  If your answer is "Yes," give the following:

<u>Name of Photographer</u>          <u>Address of Photographer</u>          <u>Date Taken</u>

**ANSWER:**

20.     Identify all documents that you intend and/or expect to introduce and/or use at trial.

**ANSWER:**

12

## DEFENDANT'S SWORN SIGNATURE

STATE OF _____   )
                             ) ss.
COUNTY OF _____   )

    The below named person, being duly sworn on oath states that he or she read the foregoing interrogatories and the answers given are true to the best of affiant's knowledge and belief.

EAGLE POINT SOFTWARE CORPORATION


_____

Title: _____
(Not to be Signed by Attorney)

    The foregoing answers to interrogatories were subscribed and sworn to before me this _____ day of _____, 2009.


_____
Notary Public

My Commission expires:

13

MISSOURI HIGHWAYS AND
TRANSPORTATION COMMISSION

By: *Theresa A. Otto*

Theresa A. Otto, Esq. (#43453)
Julie M. Numrich, Esq. (#53906)
BATY, HOLM & NUMRICH, P.C.
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3012
totto@batyholm.com
jnumrich@batyholm.com
Telephone:   816-531-7200
Telecopy:    816-531-7201

Jaudon R. Godsey, Esq. (#48693)
BATY, HOLM & NUMRICH, P.C.
231 South Bemiston Ave., Ste. 230
St. Louis, MO 63105
jgodsey@batyholm.com
Telephone:   314-863-6274
Telecopy:    314-863-6407

Jay L. Smith (#40768)
Assistant Chief Counsel
MISSOURI HIGHWAYS AND
TRANSPORTATION COMMISSION

Rich Tiemeyer (#23284)
Chief Counsel
MISSOURI HIGHWAYS AND
TRANSPORTATION COMMISSION

ATTORNEYS FOR PLAINTIFF

14

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

STATE OF MISSOURI, ex rel.               )
MISSOURI HIGHWAYS AND                    )
TRANSPORTATION COMMISSION                )
                                         )
            Plaintiff,                   )
                                         )
vs.                                      )        Cause No.
                                         )
EAGLE POINT SOFTWARE CORPORATION         )
                                         )
            Defendant.                   )

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EAGLE POINT SOFTWARE CORPORATION

COMES NOW plaintiff Missouri Highways and Transportation Commission (hereinafter "Plaintiff"), aby and through its attorneys of record, and requests that Defendant Eagle Point Software Corporation (hereinafter "Defendant") produce the following specified documents and/or things for inspection and photocopying within the time provided by law at the office of Baty, Holm & Numrich, P.C., 4600 Madison Avenue, Suite 210, Kansas City, Missouri, 64112, or at such other time and place as may be expressly agreed upon by counsel.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are applicable herein and expressly incorporated within each of the following document requests.

1.      Plaintiff hereby incorporates its definitions and instructions from Plaintiff's First Set of Interrogatories to Defendant.

2.     In producing documents pursuant to a request for production, you should indicate that specific request in response to which each document or group of documents is being produced.

3.     With respect to any document which you withhold a claim of privilege or immunity, specify as to each document:

(A)     The identity of the sender(s) of the document;

(B)     The identity of the author(s) of the document;

(C)     The identity of the recipient(s) of the document;

(D)     The job title of every person named in subparts (1) through (3) above;

(E)     The date or approximate date of the document;

(F)     A general description of the nature and subject matter of the document;

(G)     The name of the person who has custody of the document; and

(H)     The basis for your claim of privilege or immunity.

4.     In responding to these document requests, you are required to furnish all documents that are available to you or subject to your reasonable inquiry, including documents in the possession of your attorneys, agents, representatives, or assigns, or any other persons directly or indirectly employed by or connected with you or your attorneys, and anyone else otherwise subject to your control.

2

5.     These requests for documents are continuing in nature and call for the prompt and supplemental production whenever Defendant receives, discovers, or creates additional documents sought herein.

## REQUESTS

1.     All documents identified or referred to in your answers to the opening interrogatories.

**RESPONSE:**


2.     All correspondence between Defendant and Plaintiff and/or any of its officers or employees.

**RESPONSE:**


3.     All documents related to any products that have ever been sold or leased or in any manner provided to Plaintiff or any entity that you know is affiliated with Plaintiff by Defendant.

**RESPONSE:**


4.     All invoices reflecting the sale and/or loan of any product or equipment to Plaintiff or any entity that you know is affiliated with Plaintiff by Defendant.

**RESPONSE:**

3

5.     All sales brochures or other written materials that describe or discuss equipment similar or identical to the lithium polymer batteries, battery chargers, or replacement battery chargers supplied to Plaintiff by Defendant.

**RESPONSE:**

6.     All correspondence or written communications that you have received from any source which discusses or refers to the malfunction, performance problems or fire associated with the use of products identical or similar to the lithium polymer batteries, battery chargers, or replacement battery chargers supplied to the Missouri Department of Transportation by Defendant.

**RESPONSE:**

7.     All organization charts or other documents which reflect or describe or identify your officers and/or directors and/or managers and/or the hierarchy within your company for the years 2003 through the present.

**RESPONSE:**

8.     Any and all documents relating to the sale, use and/or maintenance and/or replacement of any lithium polymer battery, battery charger, or replacement charger supplied to the Missouri Department of Transportation by Defendant.

4

**RESPONSE:**

9.     All documents identifying the names and/or addresses and/or phone numbers of any person or entity who was involved with the sale and/or service of any product sold to the Missouri Department of Transportation by Defendant.

**RESPONSE:**

10.    All documents referring or relating to any reported problems, fire, or malfunctions with identical or similar lithium polymer batteries, battery chargers, or replacement battery chargers supplied to the Missouri Department of Transportation by Defendant.

**RESPONSE:**

11.    All documents referring or relating to any tests or inspections of identical or similar lithium polymer batteries, battery chargers, or replacement battery chargers supplied to the Missouri Department of Transportation by Defendant.

.    **RESPONSE:**

12.    Please produce all instructions and/or directions, provided by you to the Plaintiff, related to the use, maintenance, or safety of the lithium polymer batteries, battery

chargers or replacement battery chargers.

**RESPONSE:**

13.    Please produce all instructions and/or directions, provided to you by the manufacturer, supplier or any other party, related to the use, maintenance, safety, or upkeep of the lithium polymer batteries, battery chargers, or replacement battery chargers supplied to the Missouri Department of Transportation by Defendant.

**RESPONSE:**

14.    Please produce any and all warranties provided to the Missouri Department of Transportation for any product sold by Defendant.

**RESPONSE:**

15.    Please produce any and all contracts between Plaintiff and Defendant.

**RESPONSE:**

6

MISSOURI HIGHWAYS AND
TRANSPORTATION COMMISSION

By:   *Theresa A. Otto*
Theresa A. Otto, Esq. (#43453)
Julie M. Numrich, Esq. (#53906)
BATY, HOLM & NUMRICH, P.C.
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3012
totto@batyholm.com
jnumrich@batyholm.com
Telephone:   816-531-7200
Telecopy:    816-531-7201

Jaudon R. Godsey, Esq. (#48693)
BATY, HOLM & NUMRICH, P.C.
231 South Bemiston Ave., Ste. 230
St. Louis, MO 63105
jgodsey@batyholm.com
Telephone:   314-863-6274
Telecopy:    314-863-6407

Jay L. Smith (#40768)
Assistant Chief Counsel
MISSOURI HIGHWAYS AND
TRANSPORTATION COMMISSION

Rich Tiemeyer (#23284)
Chief Counsel
MISSOURI HIGHWAYS AND
TRANSPORTATION COMMISSION

ATTORNEYS FOR PLAINTIFF

7