IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel. MISSOURI HIGHWAYS AND TRANSPORTATION COMMISSION | ) ) ) ) | Cause No.: |
| Plaintiff, | ) ) ) | Circuit Court – St. Louis County Cause No.:  09SL –CC00136 |
| vs. | ) ) | Division |
| EAGLE POINT SOFTWARE CORPORATION | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

### DEFENDANT EAGLE POINT SOFTWARE CORPORATION'S ANSWER TO PLAINTIFF'S PETITION

COMES NOW Defendant, Eagle Point Software Corporation, and for its Answer to Plaintiff's Petition states to the Court the following:

### PARTIES

1. Defendant has insufficient information to admit or deny Paragraph 1 of Plaintiff's Petition and therefore denies same.

2. Admit.

### JURISDICTION AND VENUE

3. Deny.

4. Deny.

### FACTUAL BACKGROUND

5. Defendant has insufficient information to admit or deny Paragraph 5 of Plaintiff's Petition and therefore denies same.

6. Defendant has insufficient information to admit or deny Paragraph 6 of Plaintiff's Petition and therefore denies same.

7. Defendant has insufficient information to admit or deny Paragraph 7 of Plaintiff's Petition and therefore denies same.

8. Deny.

9. Defendant has insufficient information to admit or deny Paragraph 9 of Plaintiff's Petition and therefore denies same.

10. Deny.

11. Deny.

12. Deny.

13. Deny.

## COUNT I
## NEGLIGENCE

14. Defendant has insufficient information to admit or deny Paragraph 14 of Plaintiff's Petition and therefore denies same.

15. Deny.

16. Deny.

17. Deny.

WHEREFORE having fully answered Count I of Plaintiff's Petition, Defendant Eagle Point Software Corporation prays to be dismissed with its costs herein expended.

## COUNT II
## STRICT PRODUCT LIABILITY

18. Defendant has insufficient information to admit or deny Paragraph 18 of Plaintiff's Petition and therefore denies same.

19. Deny.

20. Defendant has insufficient information to admit or deny Paragraph 20 of Plaintiff's Petition and therefore denies same.

21. Deny.

WHEREFORE having fully answered Count II of Plaintiff's Petition, Defendant Eagle Point Software Corporation prays to be dismissed with its costs herein expended.

## COUNT III
## STRICT PRODUCT LIABILITY (FAILURE TO WARN)

22. Defendant has insufficient information to admit or deny Paragraph 22 of Plaintiff's Petition and therefore denies same.

23. Deny.

24. Deny.

25. Defendant has insufficient information to admit or deny Paragraph 25 of Plaintiff's Petition and therefore denies same.

26. Deny.

WHEREFORE having fully answered Count III of Plaintiff's Petition, Defendant Eagle Point Software Corporation prays to be dismissed with its costs herein expended.

## COUNT IV
## BREACH OF CONTRACT

27. Defendant has insufficient information to admit or deny Paragraph 27 of Plaintiff's Petition and therefore denies same.

28. Deny.

29. Deny.

30. Deny.

WHEREFORE having fully answered Count IV of Plaintiff's Petition, Defendant Eagle Point Software Corporation prays to be dismissed with its costs herein expended.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

31. Defendant has insufficient information to admit or deny Paragraph 31 of Plaintiff's Petition and therefore denies same.

32. Deny.

33. Deny.

34. Deny.

WHEREFORE having fully answered Count V of Plaintiff's Petition, Defendant Eagle Point Software Corporation prays to be dismissed with its costs herein expended.

## JURY TRIAL DEMAND

35. Admit.

## AFFIRMATIVE DEFENSES

A. In further answer and by way of affirmative defense, Plaintiffs' Petition fails to state a cause of action against this Defendant upon which relief can be granted.

B. In further answer, and by way of affirmative defense, if Plaintiffs or Plaintiffs' decedent were damaged as alleged, which is denied, all such damage were caused or contributed to be caused by the negligence or fault of others over whom this Defendant had no control, which should be compared to diminish or bar recovery.

C. In further answer and by way of affirmative defense, Plaintiffs are barred from recovery because Plaintiffs and/or Plaintiffs' decedent assumed the risk of any injury they may have sustained.

D. In further answer and by way of affirmative defense, Defendant states that whatever injuries or damages were sustained by Plaintiffs were caused by their own carelessness, negligence and/or fault and/or the carelessness, negligence and/or fault of decedent, and that such negligence, carelessness and/or fault of Plaintiffs and/or decedent directly caused or directly contributed to cause any injuries or damages plaintiff allegedly sustained. Accordingly, the fault of the parties should be compared.

E. For In further answer and by way of affirmative defense, Defendant states that venue is not proper.

**BROWN & JAMES, P.C.**

/s/ Russell F. Watters
Russell F. Watters, #4653
Sean P. Hadican, #504809
Attorneys for Defendants
1010 Market Street, 20th Floor
St. Louis, Missouri 63101-2000
314-421-3400
314-421-3128 – FAX
rwatters@bjpc.com
shadican@bjpc.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was sent via U.S. Mail, postage prepaid this 18th day of February, 2009, to: Theresa A. Otto, 4600 Madison Ave., Ste. 210, Kansas City, MO 64112-3012; and Jaudon R. Godsey, 231 South Bemiston Ave., Ste. 230, St. Louis, MO 63105, *Attorney for Plaintiff.*

/s/ Russell F. Watters

8386951